WEISS & PAARZ
2600 New Road, Suite A
Northfield, NJ 08225
(609)641-8400
ATTORNEYS FOR PLAINTIFFS
File No:

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| O.L., a minor, by and through his Guardian ad Litem, ANDREA LAUGHERY, and ANDREA LAUGHERY, Individually, | : <br> : <br> : <br> : CIVIL ACTION NO. <br> : |
| Plaintiffs, | : DOCKET#: <br> : |
| v. | : <br> : COMPLAINT |
| VALLEY HEALTH SYSTEM, INC; THE VALLEY HOSPITAL; TRACI BURGESS, MD, MPH; CLAUDIA MOSQUERA, MD; CAMILLE HORAN, BS, RDMS; LEIGH SHINGELO, RDMS; VALLEY MEDICAL GROUP, PA; MATERNAL FETAL MEDICINE ASSOCIATES; CENTER FOR MATERNAL FETAL MEDICINE AT THE VALLEY HOSPITLA a/k/a MATERNAL-FETAL MEDICINE AT THE VALLEY HOSPITAL; JOHN DOE EMPLOYERS A-Z (multiple fictitious entities); JOHN/JANE DOE OBSTETRICAL CARE PROVIDERS A-Z (multiple fictitious entities); and JOHN/JANE DOE SONOGRAPHERS (multiple fictitious entities), j/s/a, | : <br> : <br> : Document Filed <br> : Electronically <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## **PARTIES**

1.     Plaintiffs Andrea, natural mother of the minor plaintiff O.L., reside at 88 Marion Court, Warwick, Orange County, NY.

2.     Plaintiff, O.L., a minor, by and through his Guardian ad Litem, Andrea Laughery, resides at 88 Marion Court, Warwick, Orange County, NY.

3.      Defendant, Traci Burgess, MD, MPH is a licensed physician of the State of New Jersey specializing in obstetrics and gynecology and subspecializing in maternal fetal medicine.

4.      Defendant, Claudia Mosquera, MD is a licensed physician of the State of New Jersey specializing in obstetrics and gynecology and subspecializing in maternal fetal medicine.

5.      Defendant, Camille Horan, BS, RDMS is a registered diagnostic medical sonographer of the State of New Jersey.

6.      Defendant, Leigh Shingelo RDMS is a registered diagnostic medical sonographer of the State of New Jersey.

7.      Defendant Valley Health System, Inc. is located at 233 N. Van Dien Avenue, Ridgewood, Bergen County, New Jersey.

8.      Defendant The Valley Hospital is located at 233 N. Van Dien Avenue, Ridgewood, Bergen County, New Jersey.

9.      Defendant Valley Medical Group, PA, a group owned and operated by Valley Health System, has offices throughout Bergen County, including Dumont, Hawthorne, Montvale, Wayne, Teaneck, Riverdale, and Waldwick, New Jersey.

10.     Defendant Maternal Fetal Medicine Associates is located at 15 Essex Road, Paramus, Bergen County, New Jersey.

11.     Defendant the Center for Maternal Fetal Medicine at The Valley Hospital a/k/a Maternal-Fetal Medicine at The Valley Hospital is located at 15 Essex Road, Paramus, Bergen County, New Jersey.

12.     Upon information and belief, the defendants, John Doe Employers A-Z (multiple fictitious entities), John Doe Obstetrical Care Providers A-Z (multiple fictitious persons and/or entities), and John/Jane Doe Sonographers A-Z (multiple fictitious persons and/or entities) are citizens of the State of New Jersey or are corporations incorporated under the laws of New Jersey having a principal place of residence and/or business in the State of New Jersey.

13.     The fictitiously named defendants are persons or entities whose identities have not yet been learned despite the exercise of reasonable diligence.

## FACTUAL BACKGROUND

14.     In or about December of 2014, plaintiff Andrea Laughery (hereinafter "plaintiff") began treating with the Center for Maternal-Fetal Medicine at The Valley Hospital with respect to a pregnancy.

15.     Plaintiff's pregnancy resulted in the birth of O.L. on 6/16/15.

16.     O.L. was born with anatomical and genetical abnormalities.

## JURISDICTION

17.     The United States District Court for the District of New Jersey has subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. §1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

18.     Venue is conferred pursuant to 28 U.S.C.A § 1391 and is appropriate in the United States District Court for the District of New Jersey in as much all defendants reside and a substantial part of the events or omissions giving rise to the claim occurred in New Jersey. Venue is further conferred in the Newark Vicinage because the location of the events at issue occurred in Bergen County, which is included in the Newark Vicinage.

### *FIRST COUNT*

19.     Plaintiff repeats each and every allegation of paragraphs 1 through 18 as set forth herein in length.

20.     Defendant Burgess was responsible for the care and treatment of plaintiff during her pregnancy of O.L.

21.     At all relevant times, defendant Burgess held herself out to be a licensed physician of the State of New Jersey specializing in the field of obstetrics & gynecology and maternal fetal medicine.

22.     Defendant Burgess was negligent in her care and treatment of plaintiff and/or deviated from applicable standards of care in such ways as discovery may reveal.

23.     At all times relevant hereto, defendant Burgess acted as the agent, servant and/or employee of her actual employer(s), defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA, or alternatively, as an apparent agent.

24.     Under the doctrines of respondeat superior and/or apparent authority, defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA are responsible for the negligent acts committed by defendant Burgess and the damages suffered by plaintiffs as a result thereof.

25.     Alternatively, at all times relevant hereto, defendant Burgess acted as the agent, servant and/or employee of her actual employer(s), defendants John Doe Employers A-Z (multiple fictitious entities), or alternatively, as an apparent agent.

26.     Under the doctrines of <u>respondeat superior</u> and/or <u>apparent authority</u>, defendants John Doe Employers A-Z (multiple fictitious entities) are responsible for the negligent acts committed by defendant Burgess and the damages suffered by plaintiffs as a result thereof.

27.     As a result of the negligence and aforesaid deviations from the applicable standards of care by defendant Burgess, plaintiff Andrea Laughery was deprived of information necessary in order to make a fully informed decision as to whether or not to continue a pregnancy carrying a fetus with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

28.     Alternatively, the negligence and aforesaid deviations from the applicable standards of care by defendant Burgess significantly increased the risk (which thereafter occurred) that plaintiff Andrea Laughery would be deprived of information necessary in order to make a fully informed decision as to whether or not to continue a pregnancy carrying a fetus affected with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

29.     The minor plaintiff's disabilities have and will result in extraordinary expenses throughout the minor plaintiff's lifetime.

30.     Plaintiff Andrea Laughery has in the past and will in the future suffer emotional distress with respect to parenting a child with a severe genetic disorder.

***WHEREFORE***, plaintiffs demand judgment against defendants Traci Burgess, MD, MPH; Valley Health, Inc.; The Valley Hospital, Inc.; Maternal Fetal Medicine Associates; Center for Maternal Fetal Medicine at The Valley Hospital a/k/a Maternal-Fetal Medicine at The Valley Hospital; Valley Medical Group, PA; and John Doe Employers A-Z (multiple fictitious entities) jointly, severally and in the alternative for damages, losses and expenses pursuant to the Supreme Court case of <u>Procanik by Procanik v. Cillo</u>, 97 NJ 339 (1984), together with interest and costs of suit.

## *SECOND COUNT*

31.     Plaintiff repeats each and every allegation of paragraphs 1 through 30 as set forth herein in length.

32.     Defendant Mosquera was responsible for the care and treatment of plaintiff during her pregnancy of O.L.

33.     At all relevant times, defendant Mosquera held herself out to be a licensed physician of the State of New Jersey specializing in the field of obstetrics & gynecology and maternal fetal medicine.

34.     Defendant Mosquera was negligent in her care and treatment of plaintiff and/or deviated from applicable standards of care in such ways as discovery may reveal.

35.     At all times relevant hereto, defendant Mosquera acted as the agent, servant and/or employee of her actual employer(s), defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA, or alternatively, as an apparent agent.

36.     Under the doctrines of respondeat superior and/or apparent authority, defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA are responsible for the negligent acts committed by defendant Mosquera and the damages suffered by plaintiffs as a result thereof.

37.     Alternatively, at all times relevant hereto, defendant Mosquera acted as the agent, servant and/or employee of her actual employer(s), defendants John Doe Employers A-Z (multiple fictitious entities), or alternatively, as an apparent agent.

38.     Under the doctrines of <u>respondeat superior</u> and/or <u>apparent authority</u>, defendants John Doe Employers A-Z (multiple fictitious entities) are responsible for the negligent acts committed by defendant Mosquera and the damages suffered by plaintiffs as a result thereof.

39.     As a result of the negligence and aforesaid deviations from the applicable standards of care by defendant Mosquera, plaintiff Andrea Laughery was deprived of information necessary in order to make a fully informed decision as to whether or not to continue a pregnancy carrying a fetus with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

40.     Alternatively, the negligence and aforesaid deviations from the applicable standards of care by defendant Mosquera significantly increased the risk (which thereafter occurred) that plaintiff Andrea Laughery would be deprived of information necessary in order to make a fully informed decision as to whether or not to continue a pregnancy carrying a fetus affected with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

41.     The minor plaintiff's disabilities have and will result in extraordinary expenses throughout the minor plaintiff's lifetime.

42.     Plaintiff Andrea Laughery has in the past and will in the future suffer emotional distress with respect to parenting a child with a severe genetic disorder.

***WHEREFORE***, plaintiffs demand judgment against defendants Traci Burgess, MD, MPH; Claudia Mosquera, MD; Valley Health, Inc.; The Valley Hospital, Inc.; Maternal Fetal Medicine Associates; Center for Maternal Fetal Medicine at The Valley Hospital a/k/a Maternal-Fetal Medicine at The Valley Hospital; Valley Medical Group, PA; and John Doe Employers A-Z (multiple fictitious entities) jointly, severally and in the alternative for damages, losses and expenses pursuant to the Supreme Court case of <u>Procanik by Procanik v. Cillo</u>, 97 NJ 339 (1984), together with interest and costs of suit.

### *THIRD COUNT*

43.    Plaintiff repeats each and every allegation of paragraphs 1 through 42 as set forth herein in length.

44.    Defendant Shingelo was responsible for the care and treatment of plaintiff during her pregnancy of O.L.

45.    At all relevant times, defendant Shingelo held herself out to be registered diagnostic medical sonographer in the State of New Jersey.

46.    Defendant Shingelo was negligent in her care and treatment of plaintiff and/or deviated from applicable standards of care in such ways as discovery may reveal.

47.    At all times relevant hereto, defendant Shingelo acted as the agent, servant and/or employee of her actual employer(s), defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA, or alternatively, as an apparent agent.

48.    Under the doctrines of respondeat superior and/or apparent authority, defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA are responsible for the negligent acts committed by defendant Shingelo and the damages suffered by plaintiffs as a result thereof.

49.    Alternatively, at all times relevant hereto, defendant Shingelo acted as the agent, servant and/or employee of her actual employer(s), defendants John Doe Employers A-Z (multiple fictitious entities), or alternatively, as an apparent agent.

50.     Under the doctrines of <u>respondeat superior</u> and/or <u>apparent authority</u>, defendants John Doe Employers A-Z (multiple fictitious entities) are responsible for the negligent acts committed by defendant Shingelo and the damages suffered by plaintiffs as a result thereof.

51.     As a result of the negligence and aforesaid deviations from the applicable standards of care by defendant Shingelo, plaintiff Andrea Laughery was deprived of information necessary in order to make a fully informed decision as to whether or not to continue a pregnancy carrying a fetus with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

52.     Alternatively, the negligence and aforesaid deviations from the applicable standards of care by defendant Shingelo significantly increased the risk (which thereafter occurred) that plaintiff Andrea Laughery would be deprived of information necessary in order to make a fully informed decision as to whether or not to continue a pregnancy carrying a fetus affected with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

53.     The minor plaintiff's disabilities have and will result in extraordinary expenses throughout the minor plaintiff's lifetime.

54.     Plaintiff Andrea Laughery has in the past and will in the future suffer emotional distress with respect to parenting a child with a severe genetic disorder.

***WHEREFORE***, plaintiffs demand judgment against defendants Traci Burgess, MD, MPH; Claudia Mosquera, MD; Leigh Shingelo, RDMS; Valley Health, Inc.; The Valley Hospital, Inc.; Maternal Fetal Medicine Associates; Center for Maternal Fetal Medicine at The Valley Hospital a/k/a Maternal-Fetal Medicine at The Valley Hospital; Valley Medical Group, PA; and John Doe Employers A-Z (multiple fictitious entities) jointly, severally and in the alternative for damages, losses and expenses pursuant to the Supreme Court case of <u>Procanik by Procanik v. Cillo</u>, 97 NJ 339 (1984), together with interest and costs of suit.

### *FOURTH COUNT*

55.     Plaintiff repeats each and every allegation of paragraphs 1 through 54 as set forth herein in length.

56.     Defendant Horan was responsible for the care and treatment of plaintiff during her pregnancy of O.L.

57.     At all relevant times, defendant Horan held herself out to be registered diagnostic medical sonographer in the State of New Jersey.

58.     Defendant Horan was negligent in her care and treatment of plaintiff and/or deviated from applicable standards of care in such ways as discovery may reveal.

59.     At all times relevant hereto, defendant Horan acted as the agent, servant and/or employee of her actual employer(s), defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA, or alternatively, as an apparent agent.

60.     Under the doctrines of respondeat superior and/or apparent authority, defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA are responsible for the negligent acts committed by defendant Horan and the damages suffered by plaintiffs as a result thereof.

61.     Alternatively, at all times relevant hereto, defendant Horan acted as the agent, servant and/or employee of her actual employer(s), defendants John Doe Employers A-Z (multiple fictitious entities), or alternatively, as an apparent agent.

62.     Under the doctrines of <u>respondeat superior</u> and/or <u>apparent authority</u>, defendants John Doe Employers A-Z (multiple fictitious entities) are responsible for the negligent acts committed by defendant Horan and the damages suffered by plaintiffs as a result thereof.

63.     As a result of the negligence and aforesaid deviations from the applicable standards of care by defendant Horan, plaintiff Andrea Laughery was deprived of information necessary in order to make a fully informed decision as to whether or not to continue a pregnancy carrying a fetus with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

64.     Alternatively, the negligence and aforesaid deviations from the applicable standards of care by defendant Horan significantly increased the risk (which thereafter occurred) that plaintiff Andrea Laughery would be deprived of information necessary in order to make a fully informed decision as to whether or not to continue a pregnancy carrying a fetus affected with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

65.     The minor plaintiff's disabilities have and will result in extraordinary expenses throughout the minor plaintiff's lifetime.

66.     Plaintiff Andrea Laughery has in the past and will in the future suffer emotional distress with respect to parenting a child with a severe genetic disorder.

***WHEREFORE***, plaintiffs demand judgment against defendants Traci Burgess, MD, MPH; Claudia Mosquera, MD; Leigh Shingelo, RDMS; Camille Horan, BS, RDMS; Valley Health, Inc.; The Valley Hospital, Inc.; Maternal Fetal Medicine Associates; Center for Maternal Fetal Medicine at The Valley Hospital a/k/a Maternal-Fetal Medicine at The Valley Hospital; Valley Medical Group, PA; and John Doe Employers A-Z (multiple fictitious entities) jointly, severally and in the alternative for damages, losses and expenses pursuant to the Supreme Court case of <u>Procanik by Procanik v. Cillo</u>, 97 NJ 339 (1984), together with interest and costs of suit.

## ***FIFTH COUNT***

67.     Plaintiffs repeat each and every allegation of the preceding Counts and make them paragraph one of this Count.

68.     Plaintiffs allege that an insufficient time has passed within which to determine the true identity of any other individuals or entities who may have negligently contributed to their being deprived of information concerning the true status of the fetus which plaintiff was carrying, or alternatively, that said information will not become available to plaintiffs until litigation is commenced.  For the purposes of the within Complaint, said individuals and business entities have been designated as John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities) and John/Jane Doe Sonographers A-Z (multiple fictitious entities).

69.     Defendants John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities) and John/Jane Doe Sonographers A-Z (multiple fictitious entities) are any medical care providers who treated plaintiff during her pregnancy.

70.     Defendant John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities) and John/Jane Doe Sonographers A-Z (multiple fictitious entities) deviated from applicable standards of care in such ways as discovery may reveal and/or were otherwise negligent in their care and treatment of plaintiff in failing to provide information to plaintiff which was material to her ability to make informed choices regarding the course of her pregnancy.

71.     As a result of the negligence and aforesaid deviations from the applicable standards of care by defendants John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities) and John/Jane Doe Sonographers A-Z (multiple fictitious entities), plaintiff Andrea Laughery were deprived of information necessary in order to make a fully

informed decision as to whether or not to continue a pregnancy carrying a fetus affected with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

72.    Alternatively, the negligence and aforesaid deviations from the applicable standards of care by defendants John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities) and John/Jane Doe Sonographers A-Z (multiple fictitious entities) significantly increased the risk (which thereafter occurred) that plaintiff Andrea Laughery would be deprived of information necessary in order to make a fully informed decision as to whether or not to continue a pregnancy carrying a fetus affected with anatomical and genetic abnormalities, an option that would have been exercised had she been fully informed in a timely manner.

73.    At all times relevant hereto, defendants John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities) and/or John/Jane Doe Sonographers A-Z (multiple fictitious entities) acted as the agent, servant and/or employee of her actual employer(s), defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA, or alternatively, as an apparent agent.

74.    Under the doctrines of respondeat superior and/or apparent authority, defendants Valley Health, Inc. and/or The Valley Hospital, Inc. and/or Maternal Fetal Medicine Associates and/or Maternal-Fetal Medicine at The Valley Hospital and/or Valley Medical Group, PA are responsible for the negligent acts committed by defendants John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities) and/or

John/Jane Doe Sonographers A-Z (multiple fictitious entities) and the damages suffered by plaintiffs as a result thereof.

75.     Alternatively, at all times relevant hereto, defendants John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities) and/or John/Jane Doe Sonographers A-Z (multiple fictitious entities) acted as the agent, servant and/or employee of her actual employer(s), defendants John Doe Employers A-Z (multiple fictitious entities), or alternatively, as an apparent agent.

76.     Under the doctrines of <u>respondeat superior</u> and/or <u>apparent authority</u>, defendants John Doe Employers A-Z (multiple fictitious entities) are responsible for the negligent acts committed by defendants John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities) and/or John/Jane Doe Sonographers A-Z (multiple fictitious entities) and the damages suffered by plaintiffs as a result thereof.

77.     The minor plaintiff's disabilities have and will result in extraordinary expenses throughout the minor plaintiff's lifetime.

78.     Plaintiff Andrea Laughery has in the past and will in the future suffer emotional distress with respect to parenting a child with a severe genetic disorder.

79.     Plaintiffs, pursuant to the Rules of Court for the State of New Jersey, reserve the right to amend the within Complaint to add additional defendants when and if the identity of said individuals or business entities becomes known.

*WHEREFORE*, plaintiffs demands judgment against defendants and Jane/John Doe Obstetrical Care Providers A-Z (multiple fictitious entities); Jane/John Doe Sonographers A-Z (multiple fictitious entities); and John Doe Employers A-Z (multiple fictitious entities) for damages, losses and expenses pursuant to the Supreme Court case of <u>Procanik by Procanik v. Cillo</u>, 97 NJ 339 (1984), together with interest and costs of suit.

### ***SIXTH COUNT***

80.     Plaintiffs repeat each and every allegation of the preceding Counts and make them paragraph one of this Count.

**WHEREFORE**, plaintiffs demand judgment against defendants Traci Burgess, MD, MPH; Claudia Mosquera, MD; Leigh Shingelo, RDMS; Camille Horan, BS, RDMS; Valley Health, Inc.; The Valley Hospital, Inc.; Maternal Fetal Medicine Associates; Center for Maternal Fetal Medicine at The Valley Hospital a/k/a Maternal-Fetal Medicine at The Valley Hospital; Valley Medical Group, PA; John/Jane Doe Obstetrical Care Providers A-Z (multiple fictitious entities); John/Jane Doe Sonographers A-Z (multiple fictitious entities); and John Doe Employers A-Z (multiple fictitious entities) jointly, severally and in the alternative for damages, losses and expenses pursuant to the Supreme Court case of <u>Procanik by Procanik v. Cillo</u>, 97 NJ 339 (1984), together with interest and costs of suit.

## *DESIGNATION OF TRIAL COUNSEL*

Michael L. Weiss, Esq. is hereby designated as Trial Counsel in the within litigation.

## *JURY DEMAND*

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right pursuant to F.R.CP. 38(b)(1) and 38 (c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand upon Defendants

a. Actual compensatory damages;

b. Pre and Post Judgement interest as allowed by law;

c. An award of attorneys' fees as allowed by law;

d. Any and all such further relief as the Court deems just.

**WEISS & PAARZ**
Attorneys for Plaintiff(s)

By:  *s/Julie E. Nugent*
         JULIE E. NUGENT, ESQ.

Dated:  6/15/17